IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JESUS AVILES,

        Plaintiff

VS.

Officers PACE and LaFABER,
UNKNOWN OFFICERS, and the IRWIN
COUNTY DETENTION CENTER,

        Defendants

NO. 7:06-CV-118 (HL)

**RECOMMENDATION**

Plaintiff **JESUS AVILES**, an inmate at Ware State Prison in Waycross, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the above defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. MOTION FOR PRELIMINARY INJUNCTION

On December 6, 2006, plaintiff filed a motion entitled "Cause for an Injunction or a Temporary Restraining Order." (Tab # 5). In his motion, plaintiff seeks an order prohibiting the defendants, officers at the Irwin County Detention Center ("ICDC") and the ICDC itself, as well as U.S. Immigration and Custody Enforcement (not named as a defendant), from deporting plaintiff from the United States.

Under established law of this circuit, a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986). Because plaintiff was transferred from the ICDC, his claims for injunctive

2

relief are now moot, as the defendants are no longer in a position to violate plaintiff's constitutional rights. Although the named defendants are thus not appropriate defendants for the injunctive relief plaintiff seeks, plaintiff might have a claim for such relief against U.S. Immigration and Custody Enforcement. Any such claim is not properly a part of the instant lawsuit which relates to the defendants' alleged use of excessive force. Accordingly, it is **RECOMMENDED** that plaintiff's motion for injunctive relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

## III. BACKGROUND

Plaintiff alleges that on January 26, 2006, while he was incarcerated at the ICDC, Officers Pace and LaFaber were escorting plaintiff from his cell to the "hole" when, without provocation, Officer Pace violently threw plaintiff to floor three times, choked him, and slammed his head against the floor. Plaintiff claims that thereafter Officer LaFaber pulled plaintiff up and slammed him into the wall multiple times, again directing plaintiff's head into the wall. Plaintiff sustained a detached retina and possible permanent loss of vision in his right eye.

In addition to Officers Pace and LaFaber, plaintiff names as defendants the Irwin County Detention Center and "unknown named officers." As relief, plaintiff seeks damages and payment of all future medical expenses.

3

## IV. DISCUSSION

### A. Irwin County Detention Center

The ICDC is a non-suable entity. *See e.g., Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (holding that a jail is not an entity subject to being sued); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Therefore, no action can be maintained against this defendant under section 1983 and **DISMISSAL** is appropriate prior to ordering service upon said defendant. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. "Unknown Named Officers"

Plaintiff seeks to sue several unknown officers who apparently witnessed the incident but did not intervene. Plaintiff is advised that the Court has no way of knowing the true names of these officers in order to perfect service of process in accordance with Fed.R.Civ.P. 4. Therefore, no service will be attempted on these defendants until plaintiff can provide this Court with their names. Plaintiff is advised that it is his responsibility to ascertain the identities of these officers, which he must do so before the applicable statute of limitations expires.

### C. Officers Pace and LaFaber

Plaintiff's allegations that defendant Officers Pace and LaFaber subjected plaintiff to unnecessary force which caused him to suffer significant harm are sufficient, at this juncture, for this Court to allow plaintiff's complaint to go forward.

## *V. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's excessive force claim against defendant Officers Pace and LaFaber be served on said defendants. The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 7th day of February, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE