# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JESUS AVILES,                                    :
                                                 :
              v.                                 :          Civil Action No. 7:06-cv-118 (HL)
                                                 :
Officers PACE and LaFABER,                       :
UNKNOWN OFFICERS, and the                        :
IRWIN COUNTY DETENTION CENTER,  :
                                                 :
              Defendants.                        :
_____

# ORDER

The Recommendation of the United States Magistrate Judge (Doc. 9) filed February 7, 2007, has been read and considered.  The Objection to the Recommendation (Doc. 14) timely filed by Plaintiff Jesus Aviles ("Aviles") has also been thoroughly read and considered.  For the reasons set forth below, the Recommendation is hereby accepted and made the Order of the Court, and the Objection is found to be without merit.

## I.     ANALYSIS

The Magistrate Judge's Recommendation concerns two separate matters.  First, it addresses the propriety of Aviles's Motion for Preliminary Injunction (Doc. 5).  Second, pursuant to 28 U.S.C. 1915(e)(2), it engages in a sua sponte review of Aviles's Complaint to determine whether it can proceed as framed.  The Court will address each component of the Magistrate Judge's Recommendation in turn.

### A.     Motion for Preliminary Injunction

1

Aviles moved for an order prohibiting either Defendants or the United States Immigration and Customs Enforcement (ICE)[1] from deporting him from the United States. (Doc. 5 at 1.)  In his Recommendation, the Magistrate Judge addressed both components of Aviles's Motion.  First, the Magistrate Judge noted that under established law in this Circuit, a prisoner's claim for injunctive relief in an action under 42 U.S.C. § 1983 is mooted by his transfer or release from the facility about which he complains.  See Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986).  Therefore, because Aviles was transferred from the Irwin County Detention Center ("ICDC"), his claim for injunctive relief against that Defendant is moot, since the ICDC is no longer in a position to violate his constitutional rights.  Second, the Magistrate Judge noted that while Aviles might still have a claim against ICE, this claim is not properly part of the instant lawsuit, which relates to Defendants' alleged use of excessive force.  Despite filing an Objection to the Magistrate Judge's Recommendation, Aviles failed to object to or even address the portion of the Recommendation which recommended that his Motion for Preliminary Injunction be denied. Based on the rationale previously espoused by the Magistrate Judge, and in light of Aviles's failure to object to that analysis or its conclusion, the Court denies Aviles's Motion for Preliminary Injunction (Doc. 5).

**B.      Party Dismissals**

---

[1] Although Aviles's Motion actually sought protection from removal by "the U.S. Immigration and *Custody* Enforcement," the Court will treat this label as a scrivener's error, since no such agency exists, and construe his Motion as properly directed towards the U.S. Immigration and Customs Enforcement.

### 1.    Irwin County Detention Center

The Magistrate Judge recommends that Aviles's claim against the ICDC be dismissed.  This Recommendation is based on the conclusion that as a jail, the ICDC is not subject to suit under § 1983.  See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).  Aviles's objections notwithstanding, this Court agrees that no action can be maintained under § 1983 against the ICDC.  See, e.g., Holley v. Mobile County Metro Jail, No. 06-0068-WS-M, 2007 WL 315894, at * 2 (S.D. Ala. Jan. 30, 2007) (holding the Mobile County Metro Jail is not a suable entity or person for § 1983 purposes); Waller v. Horn, No. 5:06-cv-114 (WDO), 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (holding the Putnam County Jail is a nonsuable entity for § 1983 purposes).  Accordingly, the Court adopts the Magistrate Judge's Recommendation, and the ICDC is dismissed from this action.

### 2.    Unknown Officers

The Magistrate Judge recommends that Aviles's claims against several unknown officers be dismissed.  Aviles objects to the Recommendation, contending that other plaintiffs have been allowed to proceed with suits against unnamed defendants, and points to the seminal case of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Despite the superficial appeal of Aviles's argument, it is well established precedent that unless a plaintiff provides sufficient information for service of process to issue, an unknown defendant should be dismissed.  See Dean, 951 F.2d at 1216.  Accordingly, the Court adopts the Magistrate Judge's Recommendation, and these

unknown officers are dismissed from this action.  However, the Court advises Aviles that, should he discover the names of these unknown officers before the statute of limitations has run, he may move to amend his complaint.

**II.      CONCLUSION**

The Recommendation of the Magistrate Judge (Doc. 9) is accepted and made the Order of the Court.  Aviles's Motion for Preliminary Injunction (Doc. 5) is denied. Defendants the ICDC and "Unknown Named Officers" are dismissed.

**SO ORDERED**, this the 5th day of April, 2007.


*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

pdl