**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **JESUS AVILES,** | |
| **Plaintiff,** | |
| VS. | **CIVIL ACTION FILE NO. 7:06-CV-118 (HL)** |
| **Officers PACE and LaFaber, UNKNOWN OFFICERS, and the IRWIN COUNTY DETENTION CENTER,** | |
| **Defendants.** | |

**RECOMMENDATION OF DISMISSAL**

This is a section 1983 complaint brought be a plaintiff who has now been deported from the United States to his native Mexico (document # 20). On or about February 7, 2007, the undersigned recommended that Irwin County Detention Center and Unknown Officers be dismissed subject to plaintiff being allowed to proceed against the unknown officers should he become aware of their identities prior to the running of the statute of limitations (document # 9). That order also provided that it was plaintiff's responsibility to diligently prosecute his case or face the possibility of its dismissal. On or about April 5, 2007, the United States District Judge to whom this matter has been assigned adopted the aforementioned recommendations (document # 18).

On or about March 5, 2007, the Office of the Clerk of Court received from the U.S. Marshal Service notice that defendants Pace and LaFaber were no longer employed at the Irwin County Detention Center and thus could not be served with a copy of the complaint at that location (documents # 15, 16). In view of this development the undersigned ordered on June 4, 2007, that the defendant provide the court with a good service address for these defendants by

July 6, 2007 (document # 21) or face possible dismissal of his lawsuit for want of service upon any defendant. The plaintiff did not comply with the dictates of the June 4, 2004, order.

Plaintiff is proceeding herein *pro se*. He has been deported back to Mexico and most likely is not able to return to this country in order to determine the whereabouts of the unserved defendants. The June 4, 2007, order was mailed to him at the address he provided in Mexico and to this date has not been returned to the Office of the Clerk of Court as undeliverable as addressed. To date no defendant has been served and that does not appear likely to occur.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

Although this case is not that old and the plaintiff did advise the court of his address change, he has failed to provide a service address for the defendants and under the above described circumstances is unlikely to be able to do so in the near future, if ever. In short, this plaintiff is not prosecuting his case as required. It thus appears to the undersigned that a recommendation of dismissal is appropriate herein at this time. Accordingly it is SO RECOMMENDED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof. In the event of an objection by the plaintiff, in the absence of a service address for defendants, which it does not appear plaintiff can provide, this matter would remain at a standstill should this recommendation be rejected.

**SO RECOMMENDED,** this 10th day of July 2007.

*Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE